ORIGINAL

# In the United States Court of Federal Claims

No. 13-495

(Filed: October 25, 2013)

FILED
OCT 2 5 2013
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************  *
                                       *
KIRELL TAYLOR,                         *
                                       *
                Plaintiff,             *   Rule 12(b)(1) Motion to Dismiss;
                                       *   Renunciation of Citizenship; Civil
v.                                     *   Rights Violations; Lack of Subject
                                       *   Matter Jurisdiction; No Money-
THE UNITED STATES,                     *   Mandating Statute Alleged.
                                       *
                Defendant.             *
                                       *
*************************************  *
```

*Kirell Taylor*, appearing *pro se*, Delano, California.

*Joshua E. Kurland*, with whom were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff Kirell Taylor filed a *pro se* complaint in this Court on July 19, 2013. Mr. Taylor alleges that government officials have unlawfully denied him the right to renounce his citizenship. Compl. 5. Mr. Taylor seeks $25 million in damages for civil rights violations, racial discrimination, and constitutional violations. Compl. 9-11. Mr. Taylor also seeks declaratory and injunctive relief declaring him an expatriate and stateless person.

On September 19, 2013, counsel for the United States filed a motion to dismiss Mr. Taylor's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss 1. The Government

contends that this Court lacks subject matter jurisdiction over Mr. Taylor's claims because: (1) the complaint fails to identify any source of substantive law creating the right to pursue money damages in this Court; (2) this Court does not have jurisdiction over claims brought under the civil rights statutes; and (3) the Court lacks jurisdiction over claims sounding in tort for civil wrongs committed by agents of the United States. Id. at 3-4. For the reasons stated below, the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## Background

Mr. Taylor sought to voluntarily renounce his citizenship on religious grounds, but the United States Citizenship and Immigration Services ("USCIS") denied his request because such renunciation must take place outside of the United States. Compl. 5. Mr. Taylor is currently incarcerated in Kern Valley State Prison in Delano, California where he is serving a life sentence without the possibility of parole. Mr. Taylor asks the Court to grant declaratory relief that he is a "stateless person or an alien in-custody without a criminal record." Compl. 11. He also asks the Court to grant injunctive relief by ordering the Director of USCIS to remove Mr. Taylor from the California Department of Corrections. Id.

## Analysis

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. Ainslie v. United States, 355 F.3d 1371, 1373 (Fed. Cir. 2004) (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). Though *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. Hampel v. United States, 97 Fed. Cl. 235, 237 (2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

This Court's jurisdiction is established by the Tucker Act. 28 U.S.C. § 1491 (2006). To invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States. Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995). Such a claim can be founded upon "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2006).

Here, Mr. Taylor's claim appears to be based on a breach of contract. Mr. Taylor attached letters from the State Department as Exhibits B and C to his complaint. These letters explain the procedure and effects of renouncing citizenship, but Mr. Taylor alleges that the letters are contracts. Compl. 6. Mr. Taylor also refers to the Constitution as a contract. Pl. Opp'n. to Def.'s Mot. to Dismiss 3. Neither the exhibits nor the Constitution is a valid contract between Mr. Taylor and the United States. Further, Mr. Taylor has not identified any "money-mandating" source of substantive law that will allow this Court to hear his claim.

Furthermore, the Court cannot consider Mr. Taylor's civil rights claims against the United States for failing to revoke his citizenship. It is well settled law that the Court of Federal Claims does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or other civil rights statutes. Osborn v. United States, 47 Fed. Cl. 224, 232 (2000). Mr. Taylor's complaint also contains a *Bivens* claim—an action for money damages under the Fourth Amendment. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-397 (1971). However, this Court lacks jurisdiction over *Bivens* actions for civil wrongs committed by agents of the United States. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Thus, the Court does not have jurisdiction to hear Mr. Taylor's claims alleging racial discrimination and civil rights violations.

The remainder of Mr. Taylor's demands, which are for declaratory or injunctive relief, are also outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief. The Court cannot award injunctive relief that is not "an incident of and collateral to any such [money] judgment." § 1491(a)(2); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). The Court does not have authority to hear his claims for injunctive relief because this Court does not have jurisdiction to hear Mr. Taylor's claim to money damages.

## Conclusion

For the reasons set forth above, the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge